# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GEORGE GOINGS, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2017-CH-14954 ) |
| AEP NVH OPCO, LLC, d/b/a APPLIED ACOUSTICS INTERNALTIONAL, and UGN, INC. f/k/a UNITED GLOBE NIPPON, INC., | ) (Removed from the Circuit ) Court of Cook County, IL ) No. 2017-CH-14954) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant U.G.N., Inc. ("UGN") files this Notice of Removal of this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois and states as follows:

**I.     Nature of this Action**

1. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As explained below, this putative class action is subject to the Court's jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).

2. On or about November 9, 2017, an action was filed by Plaintiff George Goings ("Goings") in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, entitled *George Goings v. AEP NVH OPCO, LLC, d/b/a Applied Acoustics International and UGN, Inc. f/k/a United Globe Nippos, Inc.* as case No. 17 CH 14954 (the "State Court Action"). Goings filed an Amended Complaint on December 28, 2017.

3. The State Court Action purports to be a class action complaint alleging that Defendants AEP NVH OPCO, LLC, d/b/a Applied Acoustics International ("AAI") and UGN, Inc. ("UGN" and collectively with AAI "Defendants") violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et. seq.*

4. UGN was served with the Summons and Complaint in the State Court Action on November 28, 2017. A true and correct copy of the Summons and the Complaint are attached as Exhibit A. An Amended Complaint was filed on December 28, 2017. A true and correct copy of the Amended Complaint is attached as Exhibit B.

5. As required by 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon such defendant" are attached as Exhibit C.

6. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332(d). Section 1332(d) grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy for the putative class members in the aggregate exceeds $5,000,000, exclusive of interests and costs. Section 1332(d) authorizes removal of such actions in accordance with 28 U.S.C. § 1446.

7. This action was filed in the Chancery Division of the Circuit Court of Cook County, Illinois. Venue properly lies in the United States District Court for the Northern District of Illinois, Eastern Division, because it is the district court where the state action is pending. *See* 28 U.S.C. §§ 84(c), 1391(a), 1441(a).

8. The Amended Complaint states the following causes of action: (1) Violation of 740 ILCS § 14/1, *et seq.* ("BIPA"); and (2) Negligence. (*See* Ex. B.)

9. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of Illinois, written notice of the removal will be given to Plaintiff's counsel of record. A copy of this Notice of Removal will also be filed with the Clerk of the Chancery Division of the Circuit Court of Cook County, Illinois, as required by 28 U.S.C. § 1446(d).

10. A notice of removal in a civil action must be filed within thirty days after service of the summons and Complaint. 28 U.S.C. § 1446(b). UGN was served on November 28, 2017. (*See* Ex. A.) As such, this Notice of Removal is timely.

## II. Removal Is Proper Under CAFA

11. This Court properly exercises jurisdiction over Plaintiff's claims pursuant to the Class Action Fairness Act of 2005. CAFA authorizes removals of actions which fall within its parameters and in accordance with 28 U.S.C. § 1446.

12. This Court has jurisdiction over this case under CAFA because it is a civil action wherein: (1) the proposed class contains at least 100 members; (2) Defendants are not states, state officials, or other governmental entities; (3) there is diversity between at least one class member and one Defendant; and (4) the amount in controversy for all class members exceeds $5,000,000.

### A. This matter is a "class action" under CAFA.

13. A "class action" for purposes of CAFA is defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar States statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). As set forth in the Amended Complaint, Plaintiff is pursuing his alleged claims "on his own behalf and as a

representative of all other similarly situated individuals" whom he defines as "[a]ll individuals who worked for any Defendant at their Chicago Heights or Tinley Park factory in the State of Illinois who had their finger- and/or handprints collected, captured, received, or otherwise obtained, or disclosed by any Defendant during the applicable statutory period." (Ex. B ¶¶ 54, 56.) Plaintiff thus includes in his putative class both current and former individuals who worked for Defendants. The proposed class thus consists of approximately 974 individuals, 815 who have worked for UGN and at least 159 who have worked for AAI. (Declaration of Steve Hamilton ¶¶ 6-7.) Therefore, this action is properly considered a class action under CAFA.

14. Defendants AAI and UGN are not a state, a state official, or any other governmental entity. (Hamilton Decl. ¶ 9.)

B. **Minimal diversity is met.**

15. Minimal diversity exists. CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). A corporation "shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business…." 28 U.S.C. § 1332(c)(1). Minimal diversity of citizenship exists here because Plaintiff is a citizen of Illinois while Defendant AAI is a citizen of Delaware and California. (Ex. B ¶¶ 17-19.)

16. The Amended Complaint states that Plaintiff, George Goings, is a citizen of the State of Illinois. (Ex. B ¶ 17.) UGN is an Illinois corporation with its principal place of business in Tinley Park, Illinois. (Hamilton Decl. ¶ 3.) AAI is a Delaware corporation with its principal place of business in Los Angeles, California. (Hamilton

4

Decl. ¶ 4.) As a result, AAI is not a citizen of Illinois for purposes of determining diversity of citizenship. (Ex. B ¶ 18.) Minimal diversity therefore exists under 28 U.S.C. § 1332(d)(2)(A).

17. Moreover, based upon information and belief more than one-third of the individuals in the putative class reside outside the State of Illinois. (Hamilton Decl. ¶ 8.)

### C. The "matter in controversy" meets the CAFA threshold.

18. The amount in controversy under CAFA is satisfied "if the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy in class actions, CAFA expressly requires that "the claims of the individual members shall be aggregated …" 28 U.S.C. § 1332(d)(6).

19. For purposes of removal, Defendants' burden to demonstrate the amount in controversy is low and only requires Defendants to describe how the controversy exceeds $5,000,000. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). Because the amount in controversy is a pleading requirement and not a proof issue, Defendants need not "confess liability in order to show that the controversy exceeds the threshold." *Id.* at 449. Instead, Defendants need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" in their notice of removal. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Once Defendants have plausibly suggested that the relief exceeds $5,000,000, the case remains in federal court unless the plaintiff can show it is legally impossible to recover that much. *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008).

20. The Amended Complaint places more than $5,000,000 in controversy. While Defendants deny the validity and merit of the entirety of Plaintiff's allegations of wrongdoing and deny their claims for relief thereon, the allegations in the Amended Complaint and the total amount of statutory damages, attorneys' fees, and other monetary relief at issue in this action exceeds the minimum jurisdictional requirement. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiff's allegations, are sufficient to support finding that jurisdictional minimum was satisfied).

a. The Amended Complaint alleges that "[b]eginning at least 12 years ago, Plaintiff was required to scan his fingerprint so UGN, and later AAI, could use it as an authentication method to track his time." (Ex. B ¶ 42.) Plaintiff does not assert a relevant time period regarding the claims at issue in this matter, only "the applicable statutory period." (Ex. B ¶ 56.) The BIPA does not expressly provide a statute of limitations; therefore, the 5-year statute of limitations for "all civil actions not otherwise provided for" applies. 735 ILCS 5/13-205.

b. Based on records maintained by Defendant UGN, approximately 815 individuals currently or formerly engaged by Defendant UGN and 159 individuals currently or formerly engaged by Defendant AAI have been registered in the Defendants' systems. (Hamilton Decl. ¶¶ 56-7.)

c. Plaintiff alleges the following violations of BIPA: Defendants (1) "systematically and automatically collected, used, stored, and disclosed Plaintiff's and the Class's biometric identifiers or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3)"; (2) "did not properly inform Plaintiff

6

or the Class in writing that their biometric identifiers or biometric information were being collected and stored"; (3) did not "inform employees in writing of the specific purpose and length of term for which [Plaintiff's and the Class's] biometric identifiers or biometric information were being collected, stored, and used"; (4) "do not provide a publicly available retention schedule or guidelines for permanently destroying their employees' biometric identifiers and biometric information"; and (5) failed to institute retention schedule or guidelines for permanently destroying Plaintiff's and the Class' [sic] biometric data and have not and will not destroy Plaintiff's or the Class' biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of employees' last interactions with the company." (Ex. B ¶¶ 75-78.)

        d.    Plaintiff prays for relief in the form of an Order "[a]warding statutory damages of $5,000 for *each* willful and/or reckless violation of BIPA or, in the alternative, statutory damages of $1,000 for *each* negligent violation of BIPA pursuant to 740 ILCS 14/20(1)." (Ex. B, Prayer ¶ C.) Plaintiff also seeks: (i) declaratory relief in the form of an Order stating "that Defendants' actions, as set forth [in the Complaint] violate BIPA" and "that Defendants' actions, as forth out [in the Complaint] constitute negligence; (ii) "injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including an Order requiring Defendants to collect, store, and use biometric identifiers or biometric information in compliance with BIPA"; (iii) "reasonable attorneys' fees and costs and other litigation expenses"; and (iv) "pre- and post-judgment interest . . . ." (Ex. B, Prayer ¶¶ B, D-G.)

        e.    Plaintiff also alleges "mental anguish and injury" (Ex. B ¶ 52) and negligence damages in an amount to be determined at trial. (Ex. B ¶ 91.)

21. Based on the foregoing, under CAFA, Plaintiff's claims for damages, attorneys' fees, and other monetary relief exceed the $5,000,000 jurisdictional minimum of this Court, as required by 28 U.S.C. § 1332(d). As a result, although Defendants deny Plaintiff's claims of wrongdoing and deny their requests for relief thereon, based upon the allegations of Plaintiff's Complaint, the total amount of monetary relief sought by Plaintiff exceeds CAFA's $5,000,00 threshold.

22. Removal of this matter is therefore appropriate.

## NON-WAIVER OF DEFENSES

23. By this Notice of Removal, UGN does not waive any defenses that may be available, including, without limitation, Plaintiff's failure to state a claim or any other defense.

24. By this Notice of Removal, UGN does not admit any of the allegations in Plaintiff's Class Action Complaint.

Dated: December 28, 2017

                                                                /s/ James P. Fieweger
One of the Attorneys for Defendant
UGN, INC.

MICHAEL BEST & FRIEDRICH LLP
Kerryann M. Haase (1029506)
khminton@michaelbest.com
James P. Fieweger (6206915)
jpfieweger@michaelbest.com
444 West Lake Street, Suite 3200
Chicago, IL 60606
Telephone: 312.222.0800
Facsimile: 312.222.0818
Firm No. 16519

Michelle L. Dama (6278042)
mldama@michaelbest.com
1 S. Pinckney Street, Suite 700
Madison, WI 535701
Telephone 608.256.1500
Facsimilie

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2017, I electronically filed the foregoing *Notice To Circuit Court Clerk Of Removal To Federal Court*, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Stephan Zouras LLP**
205 N. Michigan, Suite 2560
Chicago, Illinois 60601
Email: hjenkins@stephanzouras.com
Email: kbowers@stephanzouras.com

/s/ James P. Fieweger
Attorney for Defendant, UGN, Inc.
Michael Best & Friedrich LLP
River Point
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
Phone: (312) 222-0800
E-mail: kmhaase@michaelbest.com

10